**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON SAMARITANO, Plaintiff, v. STATE OF NEW JERSEY, et al., Defendants. | Civil Action No. 24-4102 (GC) (RLS) **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiffs' motion seeking a Temporary Restraining Order (TRO) and Preliminary Injunction pursuant to Federal Rule of Civil Procedure (Rule) 65. (ECF No. 3.) Plaintiff seeks an order staying a sentencing hearing scheduled for tomorrow, May 10, 2024, in the criminal matter of *State of New Jersey v. Jason Samaritano* in the Superior Court of New Jersey, Case Nos. 23-000123, 23-000124, 23-000126, 23-000127, 22-002598. (*Id.* at 2.)

A plaintiff seeking a TRO must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017). If a plaintiff meets the first two factors, the court "then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Here, Plaintiff cannot demonstrate a likelihood of success on the merits because, "except in rare instances not present here, this Court must abstain from the issuance of injunctions directed to state court criminal prosecutions." *See Campbell v. Somerdale Police Dep't*, Civ. No. 15-3585,

2015 WL 4508339, at *1 (D.N.J. Jul. 24, 2015). The abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) holds that "absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy in state court.'" *Gonzalez v. Waterfront Comm'n of the N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir.2014) (internal citations and quotations omitted). "'*Younger* abstention,' as the doctrine emanating from that case is known, 'is premised on the notion of comity, a principle of deference and 'proper respect' for state government functions in our federal system.'" *Campbell*, 2015 WL 4508339, at *2 (quoting *Evans v. Ct. of Common Pleas, Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir.1992)). "Moreover, comity concerns are particularly implicated by a request to enjoin state court criminal proceedings." *Id.*

Here, Plaintiff's ongoing state court proceedings are criminal in nature. Plaintiff alleges that his constitutional rights will be violated if he "is sentenced tomorrow without adequate counsel while the New Jersey Attorney General is refusing to investigate my complaint of official misconduct in the criminal prosecution against me." (ECF No. 3-1 ¶ 6.) Plaintiff's motion "squarely implicates the comity and federalism concerns *Younger* abstention prevents." *Campbell*, 2015 WL 4508339, at *2. And Plaintiff has adequate remedies in the state proceedings to challenge the outcome and alleged violations of his rights. Recognizing this concern, Plaintiff argues that this Court should not abstain under *Younger* because the criminal case against him "is proceeding in bad faith." (*Id.*) But the Court finds that Plaintiff's allegations in the non-verified Complaint and Motion that the state court proceedings have been brought against him in bad faith

do not constitute a showing of bad faith sufficient to justify the type of ex parte,[1] emergent relief Plaintiff seeks.

Accordingly, for the reasons set forth herein, and other good cause shown,

**IT IS** on this 9th day of May 2024, **ORDERED** as follows:

1. Plaintiff's motion for a TRO and Preliminary Injunction is **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** Plaintiff's motion (ECF No. 3).

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed his Complaint on March 22, 2024, and summons were issued on March 25, but Plaintiff has yet to serve any Defendants. Plaintiff filed the current motion today, May 9, seeking to enjoin his sentencing hearing scheduled for tomorrow, May 10. (*See* ECF Nos. 1-3.)